### H. H. BUTTON, ET AL., v. J. R. BIGGERS, ET AL.

**Husband and Wife and Husband's Creditors.**

> Where a husband desired to purchase a tract of land, and it was agreed between himself, his wife and his wife's father that in consideration of the wife receiving conveyance of one hundred acres thereof, her father would pay her five hundred dollars, to be used in making the purchase, and the purchase is made by the husband, who pays for the land except the five hundred given by the wife and takes the land in his and his wife's name, but afterward conveys to the wife the one hundred acres, such land cannot be made subject to the husband's debts incurred after the purchase, but before the conveyance to the wife, especially where such creditors knew the wife was claiming the land.

APPEAL FROM BARREN CIRCUIT COURT.

April 1, 1880.

OPINION BY JUDGE HINES:

J. R. Biggers and J. J. Walker had purchased a certain piece of land, and, before all the purchase money had been paid, it was agreed

between J. R. Biggers, his wife, N. H. Biggers, and her father, J. D. Smith, that, in consideration of J. D. Smith furnishing N. H. Biggers $500 to be used in paying for the land, N. H. Biggers was to have 100 acres of the land to be taken from a designated portion of the tract and conveyed to her in her own right. In pursuance of this agreement Smith paid the $500 to Mrs. Biggers, who gave it to her husband a few days after to be used in payment for the land. Subsequently, J. R. Biggers having paid the whole of the purchase money, the commissioner conveyed the whole tract of 264 acres to Biggers and wife jointly, but Mrs. Biggers being unwilling to accept the conveyance, J. R. Biggers conveyed to her the specified 100 acres, as was agreed should be done when the $500 was paid by Smith.

This proceeding was instituted by the creditors of J. R. Biggers to subject this 100 acres to the payment of their claims, and it was held by the court below not to be subject. The debts for which the land was attempted to be subjected were created after the payment of the $500 by Smith, but before the conveyance to Mrs. Biggers was made. At the time the debts were created these creditors had written notice that Mrs. Biggers was asserting some sort of claim to this land, as is made manifest by their inquiry of her husband; but notwithstanding that fact they made no inquiry of her, but contented themselves with the statement made by the husband that the land belonged to him. Mrs. Biggers did no act to mislead them, and if they have been misled it is no fault of Mrs. Biggers.

It is wholly immaterial whether the particular $500 was paid on the land by the husband. The purchase of the 100 acres was made and the money paid by Smith when the equitable title was in J. R. Biggers, and Mrs. Biggers then became entitled to a conveyance of the 100 acres. This equity of hers was perfected into a legal title by the conveyance from her husband. Her equity, untainted by any evidence of fraud on her part, is superior to that of the creditors of her husband, and having ripened into a legal title will not be disturbed. All the evidence of the declarations made by the husband is incompetent as against Mrs. Biggers, and that being the case there is nothing to raise a supposition that the whole transaction, so far as she is concerned, was not free from fraud.

The Wilbur note Mrs. Biggers is entitled to. The money with

which it was purchased came from her father and was never reduced to possession by the husband.

Judgment *affirmed*.

*Lewis & Porter, for appellants.   Leslie & Botts, for appellees.*